P1GLHalC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              24 Cr. 708 (JHR)

DONOVAN HALL,

            Defendant.

                                                  Conference
------------------------------x

                                                  New York, N.Y.
                                                  January 16, 2025
                                                  12:15 p.m.

Before:

                  HON. JENNIFER H. REARDEN,

                                    District Judge

                        APPEARANCES

EDWARD Y. KIM
    Acting United States Attorney for the
    Southern District of New York
BY:   SAMUEL ADELSBERG
    Assistant United States Attorney

SPODEK LAW GROUP P.C.
    Attorneys for Defendant
BY:   TODD A. SPODEK

1              (Case called)
2              MR. ADELSBERG:  Good afternoon, your Honor.  Sam
3     Adelsberg on behalf of the United States.
4              THE COURT:  Hello.
5              MR. SPODEK:  Good afternoon, your Honor.  Todd Spodek
6     on behalf of Mr. Hall, who is present.
7              THE COURT:  Hello to you.  Please be seated, everyone.
8              Mr. Spodek, you have replaced Mr. Gombiner?
9              MR. SPODEK:  Yes, your Honor.  I was privately
10    retained on this matter.
11             THE COURT:  All right.  Mr. Adelsberg, I will hear
12    from you, please.  We have identifiable alleged victims in this
13    case, correct?
14             MR. ADELSBERG:  Yes, your Honor.
15             THE COURT:  And you have processes in place to notify
16    them of events and court dates pursuant to the Crime Victims
17    Rights Act?
18             MR. ADELSBERG:  Yes, your Honor.
19             THE COURT:  All right.  Please fill me in on anything
20    you have to report at this point.
21             MR. ADELSBERG:  Yes, your Honor.  Just at a high
22    level, the charges here stem from allegations that the
23    defendant was behind a campaign of intimidation, a string of
24    violent and antisemitic threats made by the defendant against
25    individuals in New York and elsewhere.

1          In particular, starting in about August of 2024, the
2   defendant began making threatening phone calls, many of which
3   were antisemitic in nature, to the owner of a hotel located in
4   Manhattan -- this is a hotel that's the sole, as they bill
5   themselves, kosher hotel in Manhattan -- and to members of the
6   hotel staff and the hotel owner's family who are Jewish as
7   well.  And then in about October 2024, the defendant escalated
8   those threats, including sending -- texting photographs of
9   firearms and a machete to the, sort of, main victim here, and
10  along with threatening texts with the photographs.
11         THE COURT:  And all of that -- is the allegation that
12  all of that came from Arizona?
13         MR. ADELSBERG:  Our understanding is, at the time, the
14  defendant was living in Arizona, sent those messages from
15  Arizona.  We ultimately obtained a search warrant to search his
16  home in Arizona.
17         At that point, we recovered those firearms that were
18  in the picture.  We recovered another firearm in the home as
19  well, a number of machetes.  There were loaded guns -- one of
20  the guns was loaded.  So that was at the same time he was
21  arrested, and that was on November 22, 2024.  He was arrested
22  in Arizona.  After a detention hearing on December 3 in
23  Arizona, he is detained.  He is then transported to New York.
24  He arrives here on January 7.  The following day, January 8,
25  there is --

1        THE COURT:  He is presented.

2        MR. ADELSBERG:  He is presented and arraigned before
3   Judge Moses.  Another bail -- detention hearing ensues.  He was
4   detained there as well.  And that's sort of how we get to here.

5        THE COURT:  All right.  And do you anticipate at this
6   point filing any superseders?

7        MR. ADELSBERG:  At this point we do not.

8        THE COURT:  OK.  And I read your comments about
9   discovery before Judge Moses, but why don't you update me on
10  discovery.

11       MR. ADELSBERG:  Sure.  So we are in conversation with
12  defense counsel, gathering discovery.  Here, what it looks like
13  is recordings, text messages, reports of witness interviews,
14  material seized from the defendant's residence, including
15  electronic devices, but also the weapons that we talked about.
16  Obviously, we will not be producing those weapons in discovery,
17  but just to give you a sense of what it looks like in this
18  case.

19       Given the nature of the recordings, we are talking
20  about over a thousand communications, it is somewhat voluminous
21  in that sense.  But, you know, we -- obviously, the case was
22  charged a bit ago.  We are working towards putting it in a form
23  where we can hand it over to defense counsel.  There are some
24  parts that will be a little harder to get over, including the
25  phone.  That's still -- even though it was seized in another

P1GLHalC

1  district, it has to be imaged and processed here.

2  But if the Court is interested in setting a discovery
3  deadline, we can do that today. And I propose February 7,
4  which is about three weeks out, to get discovery, at least all
5  the discovery other than the electronic device, over to the
6  defendant.

7  THE COURT: All right. I will hear from Mr. Spodek
8  now, but one more question for you.

9  I know that Judge Moses orally issued the 5(f) order.
10  Is that also on the docket?

11  MR. ADELSBERG: I believe it is in the docket. I can
12  confirm that, but she did it orally and said that she was going
13  to enter it on the docket.

14  THE COURT: Thank you.

15  Mr. Spodek.

16  MR. SPODEK: Yes, your Honor. That schedule is fine.
17  I have a good idea of the discovery from the complaint and from
18  the indictment, at least what I anticipate. I have spent a
19  considerable amount of time with Mr. Hall going over
20  everything.

21  I know your Honor's order was to set certain dates
22  today, or at least have an understanding of a trial schedule
23  and expert disclosures. I do at this point anticipate that we
24  will have a pretrial resolution. I am looking to engage a
25  psychologist at this point to prepare a report and help explain

1  some of the conduct that's outlined here.  So with your Honor's
2  indulgence, I would ask just that we have some time to get that
3  sorted out, and I think I could update the Court quickly as to
4  what our position is.
5          THE COURT:  That sounds fine to me.  Mr. Adelsberg, I
6  assume --
7          MR. ADELSBERG:  We have no objection.
8          THE COURT:  All right.  So Mr. Adelsberg, you have
9  offered to hold yourself to a February 7 deadline to produce
10 discovery, so I guess we will go with that.  And from there,
11 why don't we set a date to come back and check in, and if there
12 is an interest in having a change of plea hearing, you can let
13 me know, and perhaps we could convert that date into that, or
14 if that's too early, we will do it at whatever point the
15 defendant might be ready, if ever.
16         So let me take a look at the calendar.  Let's come
17 back in about 60 days.
18         Mr. Spodek, you mentioned trying to retain a
19 psychologist.  I just want to have these various components
20 that are in play move forward a bit before we get together
21 again.
22         Tuesday, March 18.
23         MR. SPODEK:  That's fine with me, your Honor.  That's
24 certainly sufficient time.
25         THE COURT:  All right.  Mr. Adelsberg, how is that

1    date for you?
2             MR. ADELSBERG:  Give me one second.  Only because I am
3    the only AUSA on the case, I want to make sure that works.
4             THE COURT:  Yes.
5             MR. ADELSBERG:  That works fine, your Honor.  Thank
6    you.
7             THE COURT:  All right.  3:00 o'clock.  Is that OK?
8             MR. SPODEK:  Yes, your Honor.
9             MR. ADELSBERG:  Yes, your Honor.
10            THE COURT:  Mr. Adelsberg, if we tried this case, how
11   long do you think it would take?
12            MR. ADELSBERG:  I would anticipate less than a week,
13   your Honor.
14            THE COURT:  Yes.  OK.
15            All right.  Is there an application to exclude time?
16            MR. ADELSBERG:  Yes, your Honor.  The government moves
17   to exclude time between today and Tuesday, March 18, under the
18   Speedy Trial Act.  During this time, the government will be
19   gathering and producing discovery, and the government and
20   defense counsel will be in conversations to discuss
21   dispositions short of trial for the case.
22            MR. SPODEK:  There is no objection to that, your
23   Honor.  Thank you.
24            THE COURT:  All right.  Hearing no objection, the time
25   between today and Tuesday, March 18, is excluded under the

1  Speedy Trial Act, pursuant to 18 U.S.C. Section 3161(h)(7)(A),
2  in order to allow for gathering and reviewing discovery, and
3  for the parties to discuss a possible pretrial disposition of
4  this matter.  I find that the ends of justice served by the
5  granting of this continuance outweigh the best interests of the
6  public and the defendant in a speedy trial.
7           Is there anything else anyone would like to be heard
8  on right now?
9           MR. ADELSBERG:  Not from the government, your Honor.
10          MR. SPODEK:  No, your Honor.  Thank you.
11          THE COURT:  All right.  Thank you all.  We are
12 adjourned.
13          (Adjourned)